**EXHIBIT "1"**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **MANUEL L. PIZANA, IV** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:20-CV-2274 |
| | § | |
| **CITY OF HOUSTON AND** | § | |
| **MATTHEW SINGER** | § | |
| *Defendant.* | § | |

## CONFIDENTIALITY AND PROTECTIVE ORDER

Before the Court is Defendants CITY OF HOUSTON and MATTHEW SINGER's Opposed Motion for Entry of a Confidentiality and Protective Order ("Order"). After careful consideration, the Court is of the opinion that said Order should be GRANTED.

IT IS HEREBY, ORDERED AND DECREED that until this Order is amended or suspended, that the following restrictions and procedures apply to certain information, documents and excerpts from documents that the parties produce to each other during initial disclosures and in response to discovery requests:

1. **"Confidential Information"** refers to private, secret, or restricted information of any party that by its nature must be maintained in confidence to protect the interests of the party. Counsel for any party, or a *pro se* party, may designate any document, information contained in a document, information revealed in an interrogatory response, or information revealed during a deposition as Confidential Information where determined in good faith that such designation is necessary. The party making such designation shall stamp the documents or information with indication of **"CONFIDENTIAL."**

2. Unless otherwise ordered by the Court or provided for in this Order, any party receiving Confidential Information:

    a. Must hold and maintain such information or document solely for use in connection with this action. Confidential Information shall not be used or employed for the purpose of any other action, use or proceeding, or for any commercial, business or other purpose whatsoever; and

    b. Must not disclose the information or document to any other person, other than those authorized by this Order.

3. The parties shall make a good faith effort to resolve any challenge to another party's confidentiality designation. The challenging party may seek resolution by the Court in the absence of agreement.

4. Information or documents designated as "confidential" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including outside and/or in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts retained by either party to the extent deemed necessary by retaining counsel;

    d. The directors, employees, or representatives of the parties;

    e. Any person from whom testimony is taken or is to be taken in this matter, but such a person may only be shown Confidential Information during and in preparation for testimony and may not retain the Confidential Information; and

    f. The Court, including any clerk, stenographer, or other person having access to Confidential Information by virtue of his or her position with the Court, and including the jury at trial or as exhibits to motions.

5. Prior to disclosing or displaying Confidential Information to any persons identified in Paragraphs 4(a), (b), (c), and (d), counsel shall:

    a. Inform the person of the confidential nature of the information and documents; and

    b. Inform the person that this Court has enjoined the use of the information or documents for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

    c. **Advice to Clients**. This Order shall not bar any attorney in the course of rendering advice to such attorney's client(s) with respect to this litigation from conveying the attorney's evaluation in a general way of Confidential Information produced or exchanged under the terms of this Order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Confidential Information produced by another party if such disclosure would be contrary to the terms of this Order.

6. Prior to disclosing or displaying Confidential Information to any persons identified in Paragraphs 4(c) and (e), counsel shall also obtain a signed agreement binding the person to this Order in the form attached as Exhibit A. The rules of discovery will control the release or production of this signed agreement. The party desiring to disclose Confidential Information may seek appropriate relief from the Court in the event such person refuses to sign an agreement.

7. The disclosure of a document or information without designating it as Confidential Information <u>shall not</u> constitute a waiver of the right to later designate such document or information provided that the producing party designates such material as Confidential

Information no later than fourteen days after the close of discovery. Upon such designation, all parties must treat such document or information as Confidential Information. No producing party may hold a receiving party accountable for any use or disclosure prior to such designation.

8. **Manner of Use in Proceedings.** In the event a party wishes to use any Confidential Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following:

   a. With the consent of the producing party, file only a redacted copy of the information;

   b. Where appropriate (e.g., in connection with discovery and evidentiary motions) provide information solely for *in camera* review; or

   c. File such information under seal with the Court consistent with the sealing requirements of the Court.

   d. **Disclosure of Depositions.** Information disclosed at the deposition of a party or non-party, including experts, may be designated by any party as Confidential Information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" and is subject to the provisions of this Order.

      (1) Any party also may designate information disclosed at a deposition as Confidential Information by notifying all parties in writing not later than thirty days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as confidential thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, control or custody.

9. **Sealing Requirements.** Any party seeking to file under seal any pleading, brief, or supporting material containing Confidential Information must:

   a. File either a motion explaining to the Court the justification for preventing public disclosure of the information or a notice of filing under seal;

   b. Attach the filing proposed for permanent seal on the docket;

   c. Attach a redacted version suitable to and proposed for filing on the public docket or explanation why redaction is not possible; and

   d. Absent alternate permission, identify the filing with a title and designation of "SEALED" on the CM/ECF System (viz., "Motion for Summary Judgment (SEALED)," and not simply "SEALED DOCUMENT").

The Court promptly considers such motions and directs filings under seal or on the public docket as appropriate. Anticipate and seek resolution of such motion in advance of filing deadlines.

10. Within thirty days after entry of final judgment no longer subject to further appeal, each party shall return all Confidential Information and any copies to the producing party or provide

certification of its destruction. Each parties' counsel may retain their working files on the condition that those files will remain confidential.

11. The foregoing is without prejudice to the right of any party to apply to the Court for an order to:

      a. Further protect Confidential Information;

      b. Seek protection regarding the production of documents or information;

      c. Compel production of documents or information; or

      d. Modify this Order.

12. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party maintains its right to object to the use or admissibility of all Confidential Information pursuant to applicable law and rules.

13. **The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained in this Order is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.**

14. Any party may enforce this Order by motion to the Court. Any violation may result in the imposition of sanctions.

      SIGNED on _____, 2020 at Houston, Texas.

 

                                                                            Alfred H. Bennett
                                                                             United States District Judge

# EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled _____ have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to sue any such information for any purpose other than this litigation.

_____                    _____
Printed Nam:_____                                    Date